FILED
2025 Mar-01  PM 09:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JA'MIYA CURRY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2:25-cv-263-ACA** |
| | ) | |
| JAMIE LOGAN, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## INITIAL ORDER
## GOVERNING ALL FURTHER PROCEEDINGS

This order governs all proceedings in this action, unless modified by written order for good cause shown.

Judge Axon's staff will not answer questions from attorneys or unrepresented parties over the telephone. Therefore, each attorney or unrepresented party appearing in this case and practicing in this court should carefully review this order and the court's local rules available at www.alnd.uscourts.gov. If an attorney or an unrepresented party has a question that cannot be answered by reference to this order or the local rules, the attorney or unrepresented party must email chambers (axon_chambers@alnd.uscourts.gov) with a copy to all opposing counsel or, if a party is unrepresented, the unrepresented party. The court will not respond to *ex parte* communication from any attorney or unrepresented party.

## I. GENERAL PROVISIONS

### A.    <u>Communication With Chambers</u>

<u>Any and all questions</u> should be sent to <u>axon_chambers@</u> <u>alnd.uscourts.gov</u>, with a copy to all opposing counsel or, if a party is unrepresented, the unrepresented party.  Emails that do not include all counsel of record, or if a party is unrepresented, the unrepresented party, will not receive a response.

If an unrepresented party does not have an e-mail address, the parties may file a motion for a telephone conference.

### B.    <u>HIPAA Compliance</u>

In accordance with the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and its regulations, when "protected health information" is relevant to the claims or defenses presented in an action, the party seeking such "protected health information" shall present a valid authorization at the Rule 26 planning meeting to be executed by the party from whom such "protected health information" is sought. The parties shall include in their report a deadline (specific date) by which the authorization will be executed. The parties may file with the court a motion for a "qualified protective order," to which all parties stipulate, and, at the same time, e-mail to axon_chambers@alnd.uscourts.gov a proposed "qualified protective order," in substantially the form attached to this order as Appendix I.

### C.    <u>Dismissal of Non-Served Defendants</u>

Any defendant who has not been served with a summons and complaint within 90 days after the filing of the complaint (or within 90 days after the party was added to the action) *may be dismissed without further order of the court unless* the party on whose behalf such service is required shows good cause why service has not been perfected.

### D.    <u>Suitability of Action for Alternative Dispute Resolution</u>

All parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees. The court requires that the attorneys for all parties make an early analysis of the case along with their clients and be prepared to discuss settlement at an early date. The parties shall also consider and discuss whether this action may be suitable for mediation, whether under the court's ADR plan or otherwise. In the absence of an objection by any of the parties, the court will order this case to mediation before the submission of dispositive motions.

Each attorney is directed to immediately forward a copy of the initial order to his or her client. Plaintiff(s)' attorney(s) are ordered to immediately discuss the feasibility of settlement with Defendant(s)' attorney(s).

### E.     __Courtesy Copies__

For all submissions exceeding thirty (30) pages (including exhibits), the filing party must submit, within three (3) business days of filing, an exact courtesy copy of the submission, reflecting the CM/ECF case number, document number, date, and page stamp on each page, to the Clerk's office for delivery to chambers. Deliveries are not accepted in the court's chambers. COURTESY COPIES SHOULD BE DOUBLE-SIDED TO CONSERVE PAPER AND SECURELY BOUND IN A THREE-RING BINDER OR BY LARGE CLIP.

The parties must also email a copy of any brief filed with the court to chambers in Microsoft Word format.

## II.     __Electronic Submissions__

### A.     __CM/ECF Record__

The official record of this case is maintained electronically pursuant to CM/ECF. Documents must be filed through CM/ECF in PDF (Portable Document Format) in searchable format, unless submitted by a party appearing *pro se*, in which case documents should be filed with the Clerk of Court. All filings must comply with the Court's Civil Administrative Procedures Manual found on the court's website.[1]

---

[1] The Administrative Procedures Manual is available on the court's website by clicking the "Policies and Procedures" link under the "For Attorneys" tab. (https://www.alnd.uscourts.gov/sites/alnd/files/AL-N%20Civil%20Administrative%20Procedures%20Manual.Revision.05-18-2021.pdf)

## B.    Type Size

The court requires all documents created by counsel for submission to the court to be in 14 point type, except that footnotes may be in 12 point type.

## C.    Sealed and/or Redacted Protected Information

The Civil Administrative Procedures Manual for CM/ECF, located on the main page of CM/ECF generally outlines the requirements and procedures with respect to redaction and sealing. All parties should confirm compliance with those provisions in advance of any filing. The failure to properly redact information may result in sanctions.

Parties must seek the court's permission to file any documents under seal by following the procedure outlined in the Civil Administrative Procedures Manual for CM/ECF, even when filing information designated as confidential pursuant to a confidentiality protective order. In the Eleventh Circuit, there is a presumptive constitutional public right of access to judicial records. *Comm'r, Ala. Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1166 (11th Cir. 2019); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001). The parties cannot overcome this presumption, which protects a right held by the public, by agreeing in a protective order that documents may be filed under seal. *See, e.g., Advance Loc. Media, LLC*, 918 F.3d at 1166. To overcome the public's constitutional right of access, the party moving to seal must establish that good cause

warrants filing the judicial records under seal. *See id.* at 1169; *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021). All parties should note that the designation of a document as confidential does not, standing alone, sustain the burden of establishing good cause. Motions to seal that fail to show good cause will be denied. *See, e.g., Chicago Tribune*, 263 F.3d at 1310.

### D.    Required Electronic Submissions to Chambers

Counsel must email to chambers copies of all proposed orders in Word Format with opposing counsel or *pro se* parties copied. The address for the undersigned judge's chambers is axon_chambers@alnd.uscourts.gov.

## III. MOTION PRACTICE

### A.    <u>Dispositive Motions</u>

Any motion(s) for summary judgment filed in this action must comply with all requirements of Appendix II to this order. Any other dispositive motion must comply with the requirements of Appendix II to the extent practicable.

### B.    <u>Other Motions</u>

All motions longer than ten pages in length must comply with the requirements in Appendix II to this order to the extent practicable. Before filing any motion (other than a motion to remand), moving counsel shall contact the opposing counsel and determine if counsel opposes the motion. All motions shall include, in

the caption under the case number, a notation that the motion is either "Opposed" or "Unopposed." The first paragraph shall briefly summarize the parties' attempts to resolve the issue(s) and set forth areas of agreement and disagreement. Failure of the parties to abide by these requirements can result in a *sua sponte* denial of the motions for failure to comply.

Parties must seek leave of the court before filing a motion about a discovery dispute. The motion for leave of the court must specify the nature of the discovery dispute and the steps the parties have taken to resolve that dispute. The motion need only include the facts relevant to the dispute. Legal argument and/or legal citations are not necessary. Opposing counsel MUST file a response to the motion for leave within three days of its filing, explaining why the court should not grant leave to file the discovery motion.  If the court grants leave to file, the parties will receive an opportunity to make substantive arguments at that time.

### C.    <u>Motion of Counsel to Withdraw</u>

Once an attorney has appeared as counsel for a party, *he or she may not withdraw from the action merely by filing a* "notice of withdrawal," but must file a motion stating the specific grounds for withdrawal and seeking permission of the court to do so. Any motion to withdraw which, if granted, would leave a party unrepresented by counsel must include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the

right to promptly file an objection with the court. The motion must also include the notation, "Future notice to (name of party) is to be made at the following address: (state last known address of the party)."

### D.  **Motions for Extensions of Time**

Any motion that seeks an extension of the discovery deadline by more than thirty days must provide: (1) a description of all discovery conducted up to the point of filing the motion for an extension and the dates said discovery was served and answered; (2) what depositions the parties have taken up to the point of filing the motion; and (3) a discovery plan setting the date on which each outstanding discovery issue will be resolved.  Successive motions for extensions of time are strongly disfavored.

## III. **SPECIFIC PROVISIONS RELATING TO CERTAIN CASES**

### A. ATTORNEY FEE SHIFTING CASES

If a party anticipates that during or upon the completion of this action it may for any reason (other than as a sanction under the Federal Rules of Civil Procedure) seek an award of attorneys' fees from the opposing party pursuant to any statute or other law, the party must comply with the following requirements as a precondition to any such award:

(a)    Counsel must maintain a separate record of time with a complete and accurate accounting of all time devoted to this particular action (to the nearest 1/10 of an hour), recorded contemporaneously with the time expended, for each attorney and with sufficient detail to disclose the nature of the work performed in the action (*i.e.*, not just "research" but the specific matter being researched; not just "conference" but the identity of persons conferring and general subject matter of the conference).

(b)    If a claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual in accordance with (a) above.

(c)    Counsel is directed to review and verify all attorney and non-attorney time records no less than once per month.

(d)    Although the court does not require counsel to file a copy of the time records before a request for a fee, counsel may file with the Clerk of Court either a copy of the time record referenced in (a) above, or a separately prepared document setting forth the information described in (a) above. If counsel elects to file reports, they should be filed by the 15th day of the month following the month in which the work was performed during the pendency of the case. If counsel elects to file time reports, the material filed may be filed under seal, subject to further court order, by placing the same in a sealed

envelope with the case name and number along with "ATTORNEY TIME RECORDS - FILE UNDER SEAL" written thereon. However, if the material is filed under seal, then the filing party must, at the time of such filing, also file (and serve a copy on opposing parties or their counsel) a document stating the total of the hours represented by the sealed filing, allocated as to total attorney hours and total non-attorney hours included in the current filing under seal. Upon the conclusion of this case, without further order the seal will be lifted as to all attorney fee materials filed under seal.

(e)     A petition for attorney fees shall be accompanied by counsel's certification that all time records are accurate; that such records were prepared contemporaneously with the performance of the work for which the fees are claimed; and that counsel reviewed and verified all attorney and non-attorney time records no less frequently than once per month.

## B.    CASES THAT REQUIRE EEOC CHARGES

If this case is one in which the filing of a charge of discrimination with the Equal Employment Opportunity Commission or similar agency is required as a prerequisite to suit, then the plaintiff(s) must file with the Clerk of Court at the time of filing the disclosures required by Federal Rule of Civil Procedure 26(a)(1): (a) a copy of all charges of discrimination filed with the EEOC and which form the bases

of the action; *and* (b) a copy of the EEOC's response to all such charges of discrimination filed with that agency, *including* the notice of right to sue.

**DONE** and **ORDERED** this March 1, 2025.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

## APPENDIX I

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
_____ DIVISION

| | | |
|---|---|---|
| AAA, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Civil Action No. ___ |
| | ) | |
| BBB, | ) | |
| | ) | |
| Defendant(s). | ) | |

## **QUALIFIED HIPAA PROTECTIVE ORDER**

The court GRANTS the parties the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the protected health information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The court expressly prohibits the parties from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the court orders the parties either to return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. *See* 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

DONE and ORDERED this _____ day of _____, _____.


_____
Annemarie Carney Axon
United States District Judge

# APPENDIX II

## SUMMARY JUDGMENT REQUIREMENTS

<table>
<tr><td>

**NOTICE**

This exhibit contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to potentially dispositive motions. These instructions must be followed strictly. Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements may be stricken.

</td></tr>
</table>

**SUBMISSION DATES**

The court's scheduling order will provide a deadline for filing summary judgment motions. Any motion for summary judgment and evidentiary materials will be due on or before that deadline. A supporting brief will be due within **one business day** of the motion and evidentiary materials being filed. The court will enter a briefing schedule upon receipt of the brief in support of the motion for summary judgment.

To ensure that each party is afforded a full and fair opportunity to be heard, the parties *must* deliver copies of briefs and evidentiary materials to opposing parties without undue delay and, generally, on the same date the party submits the brief.

**SUBMISSIONS**

The parties' submissions in support of and opposition to summary judgment motions must consist of: (1) a brief containing, in separately identified sections, (i) a statement of allegedly undisputed relevant material facts and (ii) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies. More detailed requirements for these submissions are explained in the following sections.

**REQUIREMENTS FOR BRIEFS**

**A.    Format**

Initial and response briefs are limited to thirty-five pages. Reply briefs are limited to ten pages. Briefs that exceed twenty pages must include a table of contents that accurately reflects the organization of the document. The table of contents is not included in the page limit. The text of briefs must be double-spaced (except for quotations exceeding fifty words, which may be block indented from the left and right margins and single spaced) using fourteen point typeface, preferably Times New Roman.

The court will not consider arguments incorporated by reference to earlier filings and will not consider substantive arguments made in footnotes. The court may strike any brief that would exceed the page limits because of attempts to incorporate by reference or include substantive arguments in footnotes.

**B.    Submissions**

The parties must electronically file the original brief.  The parties also shall e-mail to the court's chambers (axon_chambers@alnd.uscourts.gov) the brief in Word format.  The email must copy opposing counsel, or if a party is unrepresented, the unrepresented party.

For requirements about the submission of courtesy copies of evidentiary materials, see Part III.D. of the initial order.

**C.    Binding**

The Clerk will not accept bound materials for filing, but the parties must securely bind the court's "courtesy copy" of the brief in a three-ring binder or large clip for ease of use and to prevent inadvertent loss of pages. In addition, all pages submitted in the court's "courtesy copy" shall be three-hole punched.

**D.    Manner of Stating Facts**

All briefs submitted either in support of or opposition to a motion must begin with a statement of allegedly undisputed relevant material facts set out in separately numbered paragraphs. Counsel must state facts in clear, unambiguous, simple, declarative sentences. Each statement of fact must be supported by specific reference to the CM/ECF document and page number of the evidentiary submissions.

### 1.    Moving Party's Initial Statement of Facts

The moving party shall list in separately numbered paragraphs each material fact the movant contends is true and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment. Each statement of fact must be followed by a specific reference to those portions of the evidentiary record that the movant claims supports it.

### 2.    Opposing Party's Statement of Facts

Each party opposing a summary judgment motion also must submit a statement of facts divided as follows.

### a.    Response to Movant's Statement of Facts

The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts. The non-moving party's response to the moving party's claimed undisputed facts shall be in separately numbered paragraphs that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.

### b.    Additional Undisputed Facts

The second section may contain additional, allegedly undisputed facts set out in separately numbered paragraphs that the opposing party contends require the denial of summary judgment. The second section of the opposing party's statement of facts, if any, shall be clearly designated as such. Each statement of fact in this section shall be supported by its own evidentiary citation. The opposing party should include only facts that the opposing party contends are true and not in genuine dispute.

### c.    Additional Disputed Facts

The third section may contain additional, allegedly disputed facts set out in separately numbered paragraphs that the opposing party contends require the denial of summary judgment. The third section of the opposing party's statement of facts, if any, shall be clearly designated as such. Each statement of allegedly disputed facts must be followed by specific reference to those portions of the evidentiary record which both support and contradict the alleged fact.

### 3.    Moving Party's Reply

The reply submission, if any, must include the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts. The moving party's response to the non-moving party's additional claimed undisputed facts shall be in separately numbered paragraphs that coincide with those of the non-moving

party's additional claimed undisputed facts. Any statements of fact that are disputed by the moving party must be followed by a specific reference to those portions of the evidentiary record upon which the disputation is based. All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.

### REQUIREMENTS FOR EVIDENTIARY MATERIALS

To facilitate the court's requirement that the parties cite to the CM/ECF document and page numbers, the parties must electronically file all evidentiary materials (*e.g*., affidavits, exhibits, depositions, or other products of discovery) relied upon in support of or opposition to summary judgment motions **before** they file their briefs in support of or opposition to summary judgment. The parties may file their briefs, with citations to the CM/ECF document and page numbers, **one business day** after making their evidentiary submissions.

Any party opposing a summary judgment motion may reference materials included in the moving party's initial evidentiary submission without resubmitting that evidentiary submission. Parties should refrain from re-submitting additional copies of the same documents.

While the court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party should assume the court will

consider such materials. A specific reference must include the CM/ECF document, page, and, when appropriate, line number.

### A.    Organization

Each volume of evidentiary materials must include a table of contents that includes a brief narrative description of each document included: *e.g.*, "Plaintiff's Exhibit 1, the Deposition of John Jones." Each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (*i.e.*, "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered. Deposition travel transcripts that are submitted as part of the evidentiary record should include no more than four pages of deposition text per 8½" by 11" page.

**Counsel are directed to submit entire depositions, including all exhibits to the depositions, even if relying only on excerpts.** However, if the deposition or exhibits to the deposition contain information designated as confidential under a protective order and the parties agree that the confidential information is not necessary to the court's determination of the summary judgment motion, the parties may seek to be relieved of the obligation to submit the full deposition with all exhibits. If a party seeks to be relieved of this obligation, the party should move for that relief at least one calendar week before the due date for the summary judgment

motion. The motion should specify whether the party will redact parts of the deposition or will omit or redact exhibits.

### B.    Number of Sets Submitted

The parties must electronically file one set of evidentiary materials. The parties must submit a "courtesy copy" to the Clerk of Court for delivery to the court's chambers by the Clerk, an exact copy of the filed set of evidentiary materials, reflecting the CM/ECF case number, document number, date, and page stamp on each page, within three business days of electronic filing. Additionally, the evidentiary material should include a tab corresponding to each document. Regarding courtesy copies of depositions, parties shall include the entire deposition, in travel transcript format consisting of no more than four pages of deposition text per 8 ½ by 11 inch page, as well all exhibits to the depositions with sub-tabs, clearly labeled.

### C.    Binding

The Clerk will not accept bound materials for filing, but the parties must securely bind the court's "courtesy copy" of the evidentiary submission—in separately numbered volumes, if necessary—for ease of use and to prevent inadvertent loss of pages.